IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ALBERT SUBLET #337-390 | : |
|     Petitioner | : |
| v. | :   Civil Action No. RDB-13-462 |
| MARYLAND PAROLE COMMISSION<br>TYRONE CROWDER, WARDEN | : |
|     Respondents | : |

**MEMORANDUM OPINION**

On February 12, 2013, the Clerk received a habeas corpus petition and an indigency affidavit[1] from Albert Sublet, who is presently detained at the Maryland Reception Diagnostic Classification Center in Baltimore City. Sublet, who has a lengthy criminal history in the Anne Arundel County courts dating from 2003,[2] challenges his November 7, 2012 arrest for violation of probation stemming from a 2005 robbery.[3] Sublet claims that he has not received a hearing within 60 days in violation of state and federal law. Maryland electronic case search reveals that the violation of probation hearing is scheduled for February 25, 2013. Additionally, Sublet was indicted on additional unrelated charges on November 16, 2012, including ten counts of assault, reckless endangerment, and a weapons offense.[4]

The Petition, filed pursuant to 28 U.S.C. § 2241, is subject to the exhaustion requirement of 28 U.S.C. § 2254(b). *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the

---

[1] Sublet shall be granted leave to proceed in forma pauperis.

[2] *See http://casesearch.courts.state.md.us/inquiry/inquirySearch.jis.*

[3] *See http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=02K05002199&loc=60&detailLoc=K.*

[4] *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=02K12002287&loc=60&detailLoc=K.

orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to 2241 petition challenging civil commitment).  Thus, before filing a federal habeas petition, Sublet must exhaust each claim presented by pursuing remedies available in state court.  *See Rose v. Lundy*, 455 U. S. 509, 521 (1982).  The claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted).  Exhaustion includes appellate review in the Maryland Court of Special Appeals and the Maryland Court of Appeals.  *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987).  The state courts must be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights.  *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).  In Maryland, this may be accomplished by proceeding after conviction with certain claims on direct appeal, and thereafter seeking *certiorari* to the Court of Appeals and with other claims by way of a post-conviction petition, followed by petitioning the Court of Special Appeals for leave to appeal.  Sublet has not yet been tried for violation of probation and has completed neither direct appeal nor post-conviction review.

Because the habeas corpus claims presented here have not been exhausted in the State courts, the instant action is premature.  *See Gray v. Netherland*, 518 U.S. 152, 161-167 (1996). Thus, the case will be dismissed without prejudice by separate order.  A certificate of appealability will not issue because Sublet has not made a "substantial showing of the denial of a constitutional right."[5]

---

[5] When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it

A separate Order follows.


February 15, 2013                                      _____/s/_____
Date                                                              RICHARD D. BENNETT
                                                                  UNITED STATES DISTRICT JUDGE

---

debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)).